UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DENISE PERKINS,

          Plaintiff,

    v.                                        Case No. 25-cv-0269-bhl

DAVID P FRENZIA and
ANTOINETTE MARTIN,

          Defendants.

---

## SCREENING ORDER

---

On February 24, 2025 Plaintiff Denise Perkins, proceeding without an attorney, filed this lawsuit against Defendants David P. Frenzia and Antoinette Martin. (ECF No. 1.) Just four days later, on February 28, 2025, Perkins filed an amended complaint in which she adds the Wisconsin Department of Workforce Development, Calvin Fermin, Darren Berry, Samuel Brown, Tanisha Bradford, Lakeside Bus Company, and Torrence Harrell as defendants. (ECF No. 5.) Perkins has also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The matter is before the Court for consideration of Perkins's IFP motion and for the screening of her complaint.

### IFP MOTION

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1). Perkins's IFP application includes information about her finances and is signed under penalty of perjury, satisfying the first IFP requirement. *See id.*; (ECF No. 2 at 4). She represents she is employed, unmarried, and has no dependents. (*Id.* at 1.) Her monthly salary is $1,600. (*Id.* at 2.) Her total monthly expenses are $1,837—$744 for rent, $328 for her car payment, $118 for car insurance, $250 for her credit card, $197 for her cell phone, and $200 for miscellaneous expenses. (*Id.* at 2–3.) She has $150 in a checking or savings account. (*Id.* at 3.) Given her allegations, the Court concludes she lacks resources to pay the filing fee and will grant her IFP status.

## SCREENING THE COMPLAINT

The IFP statute also requires the Court to dismiss a case at any time if it determines that the plaintiff's allegations of poverty are "untrue" or if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). Accordingly, after evaluating a *pro se* plaintiff's IFP request, the Court must screen the complaint to ensure the case should be allowed to move forward. In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS

According to her amended complaint, Perkins was in a bus accident on April 19, 2022, while serving as a bus driver for Lakeside Bus Company.  (ECF No. 5 at 2.) After the accident, Perkins applied for worker's compensation benefits.  (*Id.*)   In August 2022, Lakeside Bus Company hired Samuel Brown, with whom it appears Perkins did not get along.  (*Id.*)  Perkins believes Brown had a problem with her worker's compensation application and was "always watching" her.  (*Id.*)

In August, Perkins was given Bus 1310, which she contends would frequently break down and was "the worst bus on the lot, requiring her to swap it out for another, working bus.  (*Id.*)  She also complains that the bus "was destroying [her] hands" because its steering wheel rocked back and forth, and she had to "hold the steering [wheel] very tightly to keep it on the road."  (*Id.*)  Perkins frequently complained to Brown about Bus 1310, insisting it was unsafe to drive, but Brown refused to assign her another bus and instead suggested that she buy driving gloves.  (*Id.*)  Perkins submitted several "write ups" regarding the safety of Bus 1310.  (*Id.*)

On November 4, 2022, Perkins asked Brown for copies of her write ups, but he "kept blowing [her] off."  (*Id.*)  At the end of her shift that day, Perkins went to the restroom.  (*Id.*)  While in the restroom, another employee, Harrell, came "charging in," telling the bathroom occupants to "get out we have an emergency."  (*Id.* at 2–3.)  When Perkins exited the bathroom, Harrell was "standing up against the wall with his hands behind his back," giving her a "death stare."  (*Id.* at 2–3.)  Brown was standing behind a security door, also staring at Perkins.  (*Id.* at 3.)

The next day, Perkins claims a "manager had set [her] up to be shot."  (*Id.* at 3.)  On November 7, 2022, Harrell "came out of the office carrying a gun bag."  (*Id.*)  Perkins was scheduled to work on November 9, 2022, but she called in absent because she was afraid to go into work.  (*Id.*)  She was still afraid the next day, so she called the police and told them "everything that happened" and asked them to look at the cameras, but the police refused.  (*Id.*)  She then called Lakeside Bus's headquarters.  (*Id.*)

Perkins includes several attachments with her complaint.  She includes a treatment summary and treatment plan from Milwaukee Health Services, indicating that Perkins suffers from mental health issues, including depression, anxiety, and post-traumatic stress disorder.  (ECF No. 5-1 at 1–2.)  She also includes documentation related to repairs on Bus 1310 and several incident reports related to Perkins' problems at the bus company.  (*Id.* at 3–4, 12–18.)  The attachments

also contain documents related to a complaint filed with the Equal Employment Opportunity Commission and Department of Workforce Development. (*Id.* at 5–10, 21.) Finally, Perkins attaches copies of multiple videos, including body camera footage from police officer's response to her November 10, 2022 call at Lakeside Bus, videos of a bus breaking down, and pictures of write ups. (ECF No. 5-1.) The body camera footage shows police responding to her and ultimately concluding that her complaints did not include any criminal violations and suggesting that Perkins might be suffering from paranoia. (*Id.*)

## ANALYSIS

Perkins's amended complaint makes is difficult to determine what legal claims she intends to assert against the named defendants. She does not identify specific claims or identify any specific legal theories she wishes to pursue against any specific defendant. And her narrative does not indicate why she believes any of the defendants might be liable to her. As a result, the Court cannot allow her to proceed with claims against any of the named defendants based on her current allegations. The amended complaint simply does not provide reasonable notice to defendants of any claims against them.

It is also unclear that the Court would have jurisdiction over any claims Perkins is trying to bring. Federal courts are courts of limited jurisdiction. The Court's federal question jurisdiction allows it to consider and decide civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Given that Perkins appears to have filed a complaint related to her employment at Lakeside Bus with the EEOC, she may be trying to pursue an employment discrimination claim under federal law. (*See* ECF No. 5-1 at 5.) Federal law prohibits employers from discriminating against individuals because of the individual's race, color, religion, sex, national origin, or age. 42 U.S.C. § 2000e-2(a); *see also* 29 U.S.C. § 623(a). To successfully state a claim of employment discrimination, the party must allege facts supporting the contention that adverse action was taken against the individual because of the individual's race, color, religion, sex, national origin, or age. *See Hively v. Ivy Tech Cmty. Coll. of Ind.*, 853 F.3d 339, 345 (7th Cir. 2017); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). But employment discrimination claims can generally only be brought against the plaintiff's employer. *See Williams v. Banning*, 72 F.3d 552, 553–54 (7th Cir. 1995). And the employee is required to exhaust his or her administrative remedies before bringing a federal employment discrimination claim. *See Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019). Perkins has not offered sufficient

factual allegations to pursue a federal employment discrimination claim against Lakeside Bus, which appears to have been her employer, and she has not shown that she has exhausted her administrative remedies.

To the extent Perkins intends to assert claims under state law, this Court has limited jurisdiction over those claims. In particular, the Court can only adjudicate such claims if the parties are citizens of different states and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. It is unclear what state law theories Perkins might wish to pursue, and even if she identified viable theories, she has not provided facts establishing that the defendants are citizens of states other than Wisconsin, where it appears Perkins is a citizen. Moreover, given that at least two defendants were her coworkers, it does not appear likely that they are citizens of a different state than Perkins.

Perkins complaint is deficient in other ways as well. For example, although she lists a host of defendants, she only explains how two (Brown and Harrell) were involved in any conduct involving her. *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Liability is personal . . . . Each defendant is entitled to know what he or she did that is asserted to be wrongful."). And at least some of the defendants (Fermin, who she indicates is a judge, and the Wisconsin Department of Workforce Development) are likely immune from suit. *See Coleman v. Dunlap*, 695 F.3d 650, 652 (7th Cir. 2012); *see also* U.S. Const. amend. XI; *Nuñez v. Ind. Dep't of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016).

Because Perkins is representing herself, the Court will give her an opportunity to once again amend her complaint to correct these defects. The Court cautions Perkins, however, that it appears likely that even if she has potential claims against the defendants, she may not be able to pursue them in federal court and may be better served by filing a complaint in Milwaukee County Circuit Court, which is not limited by this Court's jurisdictional constraints and may provide a more appropriate forum for resolution of her claims. If Perkins does choose to file a second amended complaint in this Court, she must file her second amended complaint by **April 16, 2025**. Her second amended complaint must contain allegations sufficient to establish the Court's federal question or diversity jurisdiction. If Perkins decides to proceed with a second amended complaint, she should draft her proposed amended complaint as if she is telling a story to someone who knows nothing about his situation. This means that Perkins should explain: (1) what happened to make her believe she has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the

Court can assist her in relation to those events. Perkins should set forth her allegations in short and plain statements, focusing on the facts of her case rather than abstract legal terms. She should ensure that her amended complaint can be understood by someone who is not familiar with the facts of her case. And she should name as defendants *only* those specific individuals or entities who are involved with the facts of her case. Any second amended complaint must also include the docket number assigned to this case and must be labeled "Second Amended Complaint." It will supersede her prior complaints and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If a second amended complaint is not received, the Court will dismiss this case without prejudice for failure to prosecute pursuant to Civil L.R. 41(c).

The Court also notes that, on March 10, 2025, Perkins filed a letter with the Court indicating that it should call her if it had questions regarding her complaint. (ECF No. 7 at 1.) This is an improper means of communication; the Court does not engage in telephonic communications with a party unless both sides are present at a scheduled hearing. This is to ensure fairness to all parties. Any allegation made against the Defendants must be made clear in Perkins's second amended complaint, without the need for further clarification.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Perkins's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that Perkins's Amended Complaint, ECF No. 5, is **DISMISSED without prejudice**. If Perkins wishes to proceed with this lawsuit, she must file a second amended complaint. A second amended complaint must be filed with the Court on or before **April 16, 2025**. If the Court does not receive Perkins's second amended complaint by that date, the case will be dismissed for her failure to prosecute pursuant to Civil L.R. 41(c).

Dated at Milwaukee, Wisconsin on March 17, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge