UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENISE PERKINS,

           Plaintiff,

v.                                                                Case No. 25-cv-0269-bhl

LAKESIDE BUS CO. et al.,

           Defendants.

## SCREENING ORDER

      On February 24, 2025, Plaintiff Denise Perkins, proceeding without an attorney, filed a complaint asserting claims against two defendants, along with a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF Nos. 1 & 2.) On February 28, 2025, Perkins filed an amended complaint that added seven additional defendants. (ECF No. 5.) On March 17, 2025, the Court granted Perkins's motion for IFP but dismissed her amended complaint at screening, concluding that Perkins's pleading failed to state a claim on which relief could be granted against any of the nine defendants she had named. (ECF No. 8.) Given her *pro se* status, the Court allowed Perkins the chance to file a second amended complaint. (*Id.*) Perkins has responded by filing a 14-page handwritten second amended complaint that describes a number of incidents occurring during her prior employment as a bus driver. (ECF No. 9.) Her latest effort does not identify any specific defendants that she intends to sue and fails to include even a case caption. (*Id.*) But, even if the Court assumes that Perkins intends to name the previously identified defendants, her latest pleading still does not state a claim. Accordingly, Perkins's second amended complaint will be dismissed. Given the multiple chances she has had to state a valid claim, the Court's dismissal will be with prejudice and without leave to amend.

## SCREENING THE COMPLAINT

      The IFP statute requires the Court to dismiss a case at any time if it determines that the plaintiff's allegations of poverty are "untrue" or if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Accordingly, after evaluating a *pro se* plaintiff's IFP request, the Court

must screen the complaint to ensure the case should be allowed to move forward. In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS

Perkins's latest pleading includes an array of factual allegations relating to her employment at Lakeside Bus Company. (ECF No. 9.) She complains that she was bullied and provided with buses that were difficult to drive. (*Id.* at 2.) She also developed carpal tunnel. (*Id.*) On April 19, 2022, she was in an accident and Lakeside Bus sent her to Nova Clinic, where she was not treated properly and got hurt during her examination. (*Id.* at 3–4.) She took time off after the accident but returned to work for the 2022–23 school year, at which point the company had a new management team, led by Samuel Brown and Darren Berry. (*Id.* at 4–5.) She was again assigned

a bus that was difficult to drive and hurt her hands, but Brown denied her requests for a new bus. (*Id.* at 5–6.) She also had disagreements with Tanisha Bradford, who asked for Perkins's bus keys without explaining why and spoke aggressively to her. (*Id.* at 6–7.) Perkins also complains that she was consistently insulted and written up, and she would always ask for a copy of the write-ups. (*Id.* at 7–8.) On November 4, 2022, Perkins was written up. (*Id.* at 9.) At the end of her shift, she heard a male voice say, "she going to go flying through the air when he hit her with that." (*Id.*) Perkins went to the restroom and, while inside a stall, heard "Mr. Harrell" enter the restroom and tell another worker that he needed her to come out because something was about to happen. (*Id.* at 10.) When Perkins exited the restroom, all her coworkers were behind a security door. (*Id.*) Harrell was outside the security door, with his hands behind his back and looking "like he had a demon in him," and Perkins thought he was going to hurt her. (*Id.*) An office worker eventually brought out the write-up paperwork for Perkins. (*Id.* at 10–11.) The next time Perkins worked, Harrell came out of an office with a gun case in his hand. (*Id.* at 11.) Perkins believed Harrell wanted to shoot her. (*Id.*) On November 7, 2022, Perkins notified the police, who investigated. (*Id.* at 12.) Perkins accuses the police of failing to do their job and assuming that she was paranoid. (*Id.*) She then went home and called Lakeside Bus's headquarters to report what had happened, but Lakeside Bus took no action. (*Id.* at 13.) Perkins alleges that the incident caused her to have a nervous breakdown, putting her out of work for a year until she was stable enough to find a job. (*Id.*) She suffers from major depressive disorder, generalized anxiety disorder, post-traumatic stress disorder, panic attacks, and more as a result of working for Lakeside Bus. (*Id.* at 14; *see also* 9-1 at 3.)

## ANALYSIS

Perkins does not clearly indicate what legal claims she intends to assert and against who she wishes to assert them. Perkins's latest complaint focuses on four primary incidents: her negative experience with Nova Clinic; a negative experience with Bradford; being assigned a bad bus and being bullied while at work; and an incident with Harrell. None of these allegations (or any others in her pleading) are sufficient to give rise to a federal claim and, to the extent Perkins wishes to pursue state law claims, she has not established that this Court has jurisdiction to hear them.

As the Court explained in its first screening order, federal courts are courts of limited jurisdiction. The Court's federal question jurisdiction allows it to consider and decide civil cases

"arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. It appears that Perkins notified the Equal Employment Commission of the above events, so she may be trying to assert a claim for employment discrimination. (*See* ECF No. 9-1 at 14.) Federal law prohibits employers from discriminating against individuals because of the individual's race, color, religion, sex, national origin, or age. 42 U.S.C. § 2000e-2(a); *see also* 29 U.S.C. § 623(a). To successfully state a claim of employment discrimination, the party must allege facts supporting the contention that adverse action was taken against the individual because of the individual's race, color, religion, sex, national origin, or age. *See Hively v. Ivy Tech Cmty. Coll. of Ind.*, 853 F.3d 339, 345 (7th Cir. 2017); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Perkins's second amended complaint does not allege that any adverse action was taken against her because of her race, color, religion, sex, national origin, or age. Therefore, she has not alleged an employment discrimination claim.

To the extent Perkins intends to assert claims under state law, this Court has limited jurisdiction over those claims. The Court can only adjudicate state law claims if the parties are citizens of different states and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. If Perkins is trying to bring a claim for assault or intentional emotional distress against Harrell or another of the defendants, she has not alleged that the parties are citizens of different states. Indeed, it appears that Harrell and the other identified defendants are all citizens of Wisconsin, like Perkins. This precludes this Court from exercising its diversity jurisdiction over any potential state law claims. In addition, Perkins does not provide an amount in controversy. Because she has not alleged that the dispute involves more than $75,000, the second amended complaint also fails to meet the amount in controversy requirement. Accordingly, the Court cannot exercise jurisdiction over any state claims Perkins may have.

## CONCLUSION

Because Perkins fails to state claims against any defendant, her second amended complaint will be dismissed. Perkins has been provided three chances to state a viable claim for relief against one or more defendants. Her second amended complaint comes no closer to that aim than her initial efforts, and the Court concludes that further leave to amend is unwarranted. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("Leave to amend need not be granted, however, if it is clear that any amendment would be futile."). Accordingly,

**IT IS HEREBY ORDERED** that Perkins's Second Amended Complaint, ECF No. 9, is **DISMISSED with prejudice**. The Clerk is instructed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on May 5, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
